UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 15-1273; John D. Lisotto v. New Prime, Inc. (d/b/a Prime, Inc.) |
| **Originating No. & Caption** | 3:13-cv-02407-MGL; John D. Lisotto v. New Prime, Inc. |
| **Originating Court/Agency** | U.S.D.C. for District of South Carolina, Columbia Division |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. §1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | 8/28/14 and 2/10/15 | |
| Date notice of appeal or petition for review filed | 3/12/15 | |
| If cross appeal, date first appeal filed | n/a | |
| Date of filing any post-judgment motion | Rule 59(e): 10/9/14 | |
| Date order entered disposing of any post-judgment motion | 2/10/15 | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

01/27/2015
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | n/a | |
| Case number of any pending appeal in same case | n/a | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | n/a | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ● No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See attached. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the district court erred as a matter of law in granting Prime's motion to dismiss this action under the Americans with Disabilities Act, on the basis of the court's ruling that Mr. Lisotto was required to pursue the DOT administrative procedure in 49 C.F.R. § 391.47, governing "resolution of conflicts of medical evaluation," where the Complaint's allegations of discrimination do not involve any "disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's physical qualifications," and also where that administrative procedure would have been futile, prejudicial, and would not have provided an adequate remedy. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: New Prime, Inc. (d/b/a "Prime, Inc.") | Adverse Party: |
| Attorney: Reginald W. Belcher, Esq.<br>Address: Turner, Padget, Graham & Laney, P.A.<br>1901 Main St., Ste. #1700<br>Columbia, South Carolina 29201 | Attorney:<br>Address: |
| E-mail: RBelcher@TurnerPadget.com | E-mail: |
| Phone: (803) 227-4314 | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: John D. Lisotto<br><br>Attorney: Rebecca Guental Fulmer, Of Counsel<br>Address: Law Offices of Wilmot B. Irvin<br>        1612 Marion St., Ste. #221<br>        Columbia, South Carolina  29201<br><br>E-mail: rebecca@wilmotirvinlaw.com<br><br>Phone: (803) 765-0555 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** s/Rebecca Guental Fulmer          **Date:** 3/26/15

**Counsel for:** Plaintiff-Appellant John D. Lisotto

---

**Certificate of Service**: I certify that on ___3/26/15___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Reginald W. Belcher, Esq.<br>Turner, Padget, Graham & Laney, P.A.<br>1901 Main St., Ste. #1700<br>Columbia, South Carolina  29201<br>E-mail: RBelcher@TurnerPadget.com | |

Signature: s/Rebecca Guental Fulmer          Date: 3/26/15

DOCKETING STATEMENT: *John D. Lisotto v. New Prime, Inc. (d/b/a Prime, Inc.)* (15-1273)

**Nature of Case:**

This action under the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*) arises out of a pre-hire DOT physical and drug screen performed by Prime, Inc., a multi-state motor carrier. At his DOT physical, Mr. Lisotto gave Prime's Medical Examiner a letter from his personal doctor confirming he had a prescription for the medication Dexedrine, which he had long been taking for a condition then believed to be or diagnosed as narcolepsy. The Medical Examiner stated that the only medication Prime would accept for narcolepsy was Provigil. Prime directed Mr. Lisotto to obtain a change of medication from his personal doctor and to report back after taking Provigil for six weeks.

Mr. Lisotto's drug screen was consistent with his use of Dexedrine, an amphetamine. Prime's Medical Review Officer ("MRO"), whose role it was to "verify" drug screen results pursuant to DOT Drug and Alcohol Testing Regulations in 49 C.F.R. Part 40, contacted Mr. Lisotto to confirm his prescription for Dexedrine and informed Mr. Lisotto that, if he did not hear from Mr. Lisotto's personal doctor within five days, he would report a positive drug test for amphetamines. Mr. Lisotto's personal doctor acted promptly to confirm the prescription and changed the medication to Provigil as advised by Prime; however, he was never able to reach the MRO who was unavailable, apparently because the MRO had moved his practice. Thus, the MRO failed to afford Mr. Lisotto a meaningful opportunity to prove a "legitimate medical explanation" for use of amphetamines. Had the MRO complied with the regulations, he should have verified Mr. Lisotto's test result as "negative." Instead, the MRO verified and reported a positive drug test result.

After approximately six weeks taking Provigil, Mr. Lisotto called Prime and was told that he could not work for Prime because he had tested positive for amphetamines. Mr. Lisotto wrote to the MRO, asking him to reevaluate the circumstances of the drug test, and forwarded documentation of his prescription and change of medication. The MRO did not respond until January 2011: he acknowledged Mr. Lisotto had a prescription for amphetamines but nevertheless stated his opinion that Mr. Lisotto had a disqualifying medical condition since narcolepsy was a safety concern. The MRO did not correct his erroneously verified drug test report.

Mr. Lisotto then pursued remedies through the EEOC. In January 2012, he had a sleep study which showed he did not, as previously believed, have narcolepsy. After receiving the EEOC's determination, Mr. Lisotto wrote the MRO one last time in May 2013, forwarding results of the sleep study and stating that he was no longer on any medication to stay awake. Mr. Lisotto again asked the MRO to correct his verified report. The MRO never responded.

As a result of the wrongdoing of Prime and its MRO concerning the erroneously verified drug screen, as alleged in the Complaint, Mr. Lisotto was unable to obtain a job driving for any motor carrier for approximately four years.

Mr. Lisotto commenced this action in district court on September 5, 2013. On October 7, 2013, Prime moved to dismiss, arguing Mr. Lisotto had failed to exhaust a DOT administrative remedy for resolving conflicts in medical evaluations pursuant to 49 C.F.R. § 391.47 – a regulation of the

Federal Motor Carrier Safety Administration ("FMCSA"). Mr. Lisotto argued against dismissal on the ground that Section 391.47 review was not available to correct the erroneously verified drug test result which is central to the allegations of discrimination in his Complaint.

The purpose of Section 391.47 review is to provide a means for resolving disagreements between the physician for the driver and the physician for the carrier concerning the driver's physical qualifications, which are governed by § 391.41 of the FMCSA Regulations. In order to trigger administrative review, there must be an existing conflict between the carrier's medical examiner or other physician charged with rendering an opinion concerning the driver's physical qualifications under Part 391. There was no unresolved disagreement between Mr. Lisotto's personal doctor and Prime's Medical Examiner, because his doctor agreed to change his medication to that acceptable by Prime. There being no unresolved conflict, the conflict resolution procedure in Section 391.47 was not available to Mr. Lisotto and should not bar his ADA action.

Mr. Lisotto also argued that the MRO's opinion concerning narcolepsy was inconsequential for several reasons and not subject to administrative review. Prime's expressed reason for not hiring Mr. Lisotto was the MRO's drug test report. An MRO is not a medical examiner or physician for the carrier charged with opining on a driver's physical qualifications under Part 391 of the FMCSA Regulations. Instead, the role of Prime's MRO was limited to verification of drug test results under Drug and Alcohol Testing Regulations in 49 C.F.R. Part 40, which are separate from the FMCSA Regulations. Only an MRO can correct his verified drug test results. There is no administrative procedure to redress the MRO's erroneously verified test results. In addition, the MRO never expressed an opinion on the most current information provided by Mr. Lisotto which showed he actually did not have narcolepsy. In sum, there was – and is – no unresolved conflict that would trigger Section 391.47 administrative review.

The district court dismissed this action "without prejudice to re-file if and when the questions related to [Mr. Lisotto's] physical qualifications are first passed upon pursuant to the administrative procedures" in Section 391.47. Mr. Lisotto filed a Rule 59(e) motion to correct the court's clear error of law and to prevent manifest injustice that would result even from a dismissal without prejudice. Mr. Lisotto argued that the district court had misinterpreted the case law it relied upon. He also stressed that, even if Section 391.47 review were available to him, applying for such review would necessarily prevent him from truck driving during the pendency of that administrative process and would likely preclude litigation of his ADA claim because the limitations period would have run. Mr. Lisotto, therefore, asked the court to stay its ruling on Prime's motion to dismiss so as to allow him "to seek a determination from the FMCSA or the DOT's Office of General Counsel on the availability of Section 391.47 review" under the circumstances of this case.

Before the court ruled on his Rule 59(e) motion seeking a stay, Mr. Lisotto did obtain and submitted a legal opinion from the FMCSA's Office of Chief Counsel, which confirmed that Section 391.47 administrative review did not apply to the allegations of the Complaint. The court nevertheless denied Mr. Lisotto's motion and dismissed this action.

2